577 So.2d 1 (1991)
Alana SUDWISHER
v.
ESTATE OF Paul C. HOFFPAUIR, et al.
No. 91-CC-0515.
Supreme Court of Louisiana.
April 11, 1991.
Rehearing Granted May 17, 1991.
PER CURIAM.
The trial court, relying on a strict interpretation of LSA-R.S. 9:396 A, denied the motion of Alana Sudwisher to require Rosemary Hoffpauir Shuh, the legitimate daughter of Paul C. Hoffpauir, Sr., to submit to a blood test. Only Sudwisher, who claims to be the natural daughter of the deceased Hoffpauir, and Shuh, now survive their respective mothers and Hoffpauir.
While it is true that the statute names only the father, the mother and the child as subject to being ordered to have blood drawn for the purpose of determining paternity, it clearly recognizes the strong evidentiary force of blood tests in a suit involving parentage and does not prohibit testing others.
The pertinent discovery article is LSA-C. C.P. art. 1422, which provides in part that: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ..." When the blood test statute and the discovery article are considered together, they constitute authority for granting Sudwisher's motion.
Therefore, the trial court erred in denying the motion. The judgment of the trial court is reversed; the motion is granted.
MOTION GRANTED; CASE REMANDED FOR FURTHER PROCEEDINGS.
CALOGERO, C.J., would grant for docketing.
DENNIS, J., would grant for full review and a complete opinion. This case raises several important questions that should be considered and resolved by this Court including whether the statute authorizes a compulsory blood test in this situation, whether a threshold showing for the test must be made, and whether the trial judge abused his discretion.
COLE, J., respectfully dissents from the order. The majority's action equates to judicial legislation, ignoring the admonition of Article 1 of our Civil Code. La.R.S. 9:396 is explicit and controls.